IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERNEST DRAPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-19-376-D |
| ) | |
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 7] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, Judge Mitchell finds that the Petition should be summarily dismissed without prejudice because Petitioner has failed to exhaust state court remedies (as to Grounds One through Three) and otherwise fails to state a claim upon which relief can be granted under § 2254 (Ground Four).

Within the time period to object, Petitioner has made a *pro se* filing, "Motion to Appeal Report and Recommendation" [Doc. No. 8], which is construed as a timely objection. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner objects to Judge Mitchell's finding that the requirement to exhaust state court remedies applies to his claim (as asserted in Grounds One and Two) that the State of

Oklahoma lacked jurisdiction to convict him. Petitioner asserts that he "do[es] not need to exhaust state remedies" because he is not attacking a finding of guilt but "simply the right for the State of Oklahoma to hear this case." *See* Obj. at 1. According to Petitioner, "it's not a state issue . . . [but] exclusively federal . . . [and] has to be heard in federal courts." *Id*. Review of all other issues addressed in the Report is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St*., 73 F.3d 1057, 1060 (10th Cir. 1996).

Upon *de novo* consideration of the issue raised by Petitioner's Objection, the Court rejects his position that a § 2254 petition raising a jurisdictional issue is exempt from the exhaustion requirement. Petitioner is correct that "[t]he issue of whether the state court properly exercised jurisdiction over [a criminal defendant] is an important federal constitutional question." *Yellowbear v. Wyo. Att'y Gen*., 525 F.3d 921, 924 (10th Cir. 2008) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."). However, Petitioner is simply incorrect in his belief that he need not exhaust this type of claim. *Id*. at 924 & n.1 (finding claim could properly be heard if state remedies were exhausted while case was pending). The Court fully concurs in Judge Mitchell's findings and her recommendation for summary dismissal of the Petition without prejudice for failure to exhaust state remedies.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is ADOPTED in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 is DISMISSED without prejudice to a future filing. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 12th day of June, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE